IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIS, JR., <br><br>  Petitioner, <br><br> v. <br><br> SINGH, Warden, <br><br> Respondent. | Case No. 12-180-DMS (PCL) <br><br> **REPORT AND RECOMMENDATION ON:** <br><br> **1) PETITIONER'S MOTION FOR STAY AND ABEYANCE** <br><br> **2) RESPONDENT'S MOTION TO DISMISS** <br><br> (Docs. 22 and 33.) |

## I.

## INTRODUCTION

Petitioner Leroy Willis, Jr. ("Petitioner"), a state prisoner proceeding *pro se,* and *in forma pauperis*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 19.) Respondents filed a Motion to Dismiss on May 25, 2012. (Doc. 22.) Petitioner filed his Response to the Motion to Dismiss the First Amended Complaint on June 4, 2012. (Doc. 24.) Subsequently, on August 7, 2012, Petitioner filed a Motion to Stay and Abey proceedings. (Doc. 33.) Respondents filed a Response in Opposition to the Motion to Stay on November 7, 2012. (Doc. 37.)

After a review of the moving papers, the opposition and all supporting documents, the Court recommends that the Motion for Stay and Abeyance be **DENIED** and that the Motion to Dismiss Petitioner's First Amended Complaint be **GRANTED**.

## II.

## BACKGROUND

A jury convicted Petitioner of three drug-related offenses, and the California Superior Court sentenced him to 15 years in state prison. (Lod. No. 1, at 1-2). The conviction and sentence were affirmed on appeal by the California Fourth Appellate District on January 14, 2011. (Id. at 36). Petitioner then filed a petition for review with the California Supreme Court. (Lod. No. 2, at 2.) The California Supreme Court denied the petition for review on April 13, 2011. (Id.)

On February 16, 2011, Petitioner filed a petition for Writ of Habeas Corpus with the Supreme Court of California, asserting ineffective assistance of trial court counsel on five grounds. (Lod. No. 3, at 3-8.) The Supreme Court of California dismissed the petition on July 20, 2011, citing People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995), and In re Swain, 34 Cal. 2d 300, 304 (Cal. 1949). (Lod. No. 3, at 1.)

On January 12, 2012, Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California. (Doc. 1). The case was then transferred to the Southern District of California. (Doc. 5.) By order dated January 25, 2012, the Court granted Petitioner's application to proceed *in forma pauperis*, dismissed the case for Petitioner's failure to name a proper respondent, and notified Petitioner of options to avoid future dismissal for his failure to allege complete exhaustion of state court remedies. (Doc. 7.)

On March 21, 2012, Petitioner filed a First Amended Petition asserting four claims of ineffective assistance of counsel. (Doc. 19.) Respondent filed a Motion to Dismiss on May 25, 2012, arguing that the petition should be dismissed because all claims in Petitioner's First Amended Petition remain unexhausted. (Doc. 22.) On June 4, 2012, Petitioner filed an opposition to the motion to dismiss. (Doc. 24.)

On July 23, 2012, Petitioner filed a Motion to Stay and Abey federal proceedings to allow him to return to state court to exhaust his unexhausted claims. (Doc. 33.) Respondent filed a Response in Opposition to Petitioner's Motion to Stay and Abey on November 7, 2012. (Doc. 37.) Petitioner filed his Reply to Respondent's Opposition on November 16, 2012. (Doc. 38.)

1    While the Motion to Dismiss and Motion to Stay and Abey were pending before this
2 Court, Petitioner filed a new petition for Writ of Habeaes Corpus with the California Supreme
3 Court on July 25, 2012. (Lod. No. 5.)  Petitioner then filed a Notice with this Court on
4 September 10, 2012 purporting to inform the Court that Petitioner had exhausted all ineffective
5 assistance of counsel claims contained in his pending federal habeas petition. (Doc. 35.) The
6 California Supreme Court denied the second petition on October 17, 2012, again citing <u>People v.</u>
7 <u>Duvall</u>, 9 Cal. 4th 464, 474 (Cal. 1995) and <u>In re Swain</u>, 34 Cal. 2d 300, 304 (Cal. 1949). (Lod.
8 No. 5.)  This Court now addresses the Motion to Dismiss and Motion to Stay and Abey pending
9 before it.

**III.**

**DISCUSSION**

**A.    Standard of Review**

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas proceeding.  28 U.S.C. § 2254(b) (West Supp. 2007); see <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982); <u>McQueary v. Blodgett</u>, 924 F.2d 829, 833 (9th Cir. 1991). The exhaustion requirement is satisfied "if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

For exhaustion purposes, a petitioner must "fairly present" the substance of his claim to the state court.  <u>Id.</u> at 275-76.  A claim is fairly presented if the way it is stated in the federal habeas petition is the "substantial equivalent" of how it was presented in the state courts. <u>Schiers v. People of State of Cal.</u>, 333 F.2d 173, 174 (9th Cir. 1964). "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999). Claims are not exhausted when denied by the state court on mere procedural grounds, because a procedural denial is not on the merits and does not satisfy the "fair presentation" requirement. <u>Harris v. Superior Court of the State of Cal., Los Angeles County</u>, 500 F.2d 1124, 1126 (9th Cir. 1974).

Whether a stay and abeyance can be granted depends first on the extent to which Petitioner has perfected his petition. If all claims are unexhausted, the federal court should dismiss the petition outright. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The Supreme Court has found that a "mixed petition," or a petition that included both exhausted and unexhausted claims, is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 510 (1982). With regard to a fully-exhausted petition, the Ninth Circuit has found that a district court has the authority to issue a stay and abeyance to allow the petitioner to exhaust other unlisted claims in state court. See Calderon v. United Dist. Court, 134 F.3d 981, 988 (9th Cir. 1988). A stay is "particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA][1]." Jackson v. Roe, 425 F.3d 654, 659 (9th Cir. 2005) (quoting Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003)). Although district courts are given broad discretion to grant a stay when dealing with fully exhausted petitions, the Ninth Circuit has indicated that the exercise of such discretion is still subject to certain limits. For example, in Calderon, the Ninth Circuit determined that a district court could not indefinitely stay proceedings pending exhaustion in state court or "hold in abeyance the application of a petitioner who merely sought to stall the habeas [proceedings]." Calderon, 134 F.3d at 988 n.11.

Therefore, determining whether a stay and abeyance order is appropriate first requires a threshold determination as to whether Petitioner's petition for writ of habeas corpus is fully unexhausted, fully exhausted, or mixed.

**B.    Exhaustion of Petitioner's State Claims**

Petitioner has twice brought state petitions for Writ of Habeas Corpus before the California Supreme Court.  In his first petition filed on February 16, 2011, Petitioner asserted ineffective assistance of trial court counsel on four grounds. (Lod. No. 3, at 1-4).  The California Supreme Court denied the petition on July 20, 2011, citing People v. Duvall, 9 Cal. 4th 464, 474, and In re Swain, 34 Cal. 2d 300, 304 (1949). (Id. at 1.) Petitioner filed his second petition for

---

1. Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244.

1  writ of habeas corpus with the California Supreme Court on July 25, 2012. (Lod. No. 5.)  The
2  California Supreme Court denied the second petition on October 17, 2012, again citing People v.
3  Duvall, 9 Cal. 4th 464, 474 (Cal. 1995) and In re Swain, 34 Cal. 2d 300, 304 (Cal. 1949). (Lod.
4  No. 5.)  In both instances, the California Supreme Court issued brief denial orders stating only
5  "Petition for writ of habeas corpus denied" and citing  People v. Duvall, 9 Cal. 4th 464, 474 (Cal.
6  1995) and In re Swain, 34 Cal. 2d 300, 304 (Cal. 1949). (Lod. No. 3; Lod. No. 5).

7  The Ninth Circuit Court of Appeals has provided clear guidelines for determining when such brief denials by the California Supreme Court constitute a determination based on the merits and when the denial is merely procedural:

> "If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.  However, when the California Supreme Court denies a habeas corpus petition without opinion or citation, or when it otherwise decides on the merits of the petition, the exhaustion requirement is satisfied."

Harris v. Superior Court of State of Cal., Los Angeles County, 500 F.2d 1124, 1128-29 (9th Cir. 1974) (internal citations omitted).

Here, the California Supreme Court's citations clearly indicate that Petitioner's petitions were denied on procedural grounds, not on their merits.  The referenced pin cite to People v. Duvall directs the reader to case law requiring that petitioners "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995). Similarly, the referenced pin cite to In re Swain directs the reader to case law requiring habeas petitioners to "allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts." Ex parte Swain, 34 Cal. 2d 300, 304 (Cal. 1949).  By denying the petitions and referencing procedural requirements for drafting a proper habeas petition, it is clear that the California Supreme Court denied both of Petitioner's habeas claims on mere procedural grounds.  Further, Petitioner has offered no alternate interpretation, either in his Response to Respondent's Motion to Dismiss, or in his own

Motion to Stay and Abey proceedings. (Doc. 24; Doc. 33.)

Therefore, the California Supreme Court has yet to dispose of *any* of Petitioner's habeas claims on the merits. As a result, all claims contained in Petitioner's petition before this Court remain unexhausted, and the Court must deny Petitioner's motion to stay and abey. Accordingly, this Court recommends that Petitioner's Motion to Stay and Abey proceedings be **DENIED**.

## C.   Respondent's Motion to Dismiss

On a Motion to Dismiss, Federal Courts are "'obliged to dismiss immediately'" habeas corpus petitions containing no exhausted claims. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (quoting Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997)). Respondents assert that Petitioner had failed to exhaust state remedies because his petitions have been twice denied on procedural grounds. (Doc. 22.)  Petitioner failed to address the exhaustion issue at all. (Doc. 24.)

This Court agrees with Respondents, and finds that Petitioner has failed to exhaust any claims at the state level per the analysis above.  This Court therefore recommends that Respondent's Motion to Dismiss be **GRANTED**.

## III.

## CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Dana M. Sabraw under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California.  For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) directing that Judgment be entered **DENYING** Petitioner's Motion to Stay and Abey Federal Proceedings, and (3) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss.

 **IT IS ORDERED** that no later than February 12, 2013 any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

1     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the
2 Court and served on all parties no later than February 22, 2013. The parties are advised that
3 failure to file objections within the specified time may waive the right to raise those objections
4 on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998);
5 Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

6     **IT IS SO ORDERED.**

7 DATED: January 29, 2013

*[signature]*
Peter C. Lewis
U.S. Magistrate Judge
United States District Court